IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES HARVEY GASH                                      PLAINTIFF

v.                      CIVIL NO. 05-3003

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff James Harvey Gash brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on October 7, 2002, alleging an inability to work since September 5, 2001,[1] due to pain in his back, head and neck; a disorder of the back; headaches; a vestibular disorder;[2] and a cognitive deficit. (Tr. 60-

---

[1] At the administrative hearing held on December 2, 2003, plaintiff amended his alleged onset date to June 28, 2002. (Tr. 409).

[2] The vestibular organs of the inner ear provide the brain with information about changes in head movement. If the vestibular system is not functioning properly, dizziness, vertigo, imbalance, spatial disorientation, and other symptoms can result.
*http://www.vestibular.org/vestibular-disorders/causes-of-dizziness/dizziness-caused-by-vestibular-disorders.php*

AO72A
(Rev. 8/82)

62). An administrative hearing was held on December 2, 2003. (Tr. 392-446). Plaintiff was present and represented by counsel.

By written decision dated February 26, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 22). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a significant range of sedentary work. More specifically, the ALJ found plaintiff is restricted from exposure to hazards and from driving an automobile or dangerous moving machinery; that he is able to frequently finger bilaterally; and is able to perform work that requires simple one-two steps. (Tr. 22). With the help of vocational expert testimony, the ALJ found plaintiff can perform assembly work. (Tr. 23).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on November 26, 2004. (Tr. 3-5). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned for report and recommendation. (Doc. # 5,6).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

In the present case, the undersigned is particularly trouble by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,*

4

353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The medical evidence establishes plaintiff, who worked as a logger and sawmill worker, sustained head injuries as a result of two on the job injuries in September of 2001, and June of 2002, respectively. (Tr. 138, 142-144, 148-150, 185, 190-194, 347-354). Plaintiff has continued to complain of dizziness, balance problems and back and neck pain since the accident in 2002. (Tr. 163-165, 181-182, 185-186, 168-171, 206, 216, 269,272-274,276-279, 292-293). The ALJ determined plaintiff obtained the RFC to perform a wide range of sedentary work but was restricted to performing one and two step tasks and could not work around moving machinery.

We are particularly concerned with the ALJ's determination with regard to plaintiff's alleged cognitive deficit. (Tr. 19). A review of the record indicates that Dr. Bruce L. Safman recommended plaintiff undergo neuropsychological testing to determine if plaintiff had a cognitive impairment on numerous occasions. (Tr. 276-277, 280). On April 28, 2003, Dr. Safman indicated plaintiff was able to clearly remember past medications since his injury, but he could not recall the medication he was taking at bedtime. (Tr. 275). On June 16, 2003, Dr. Safman stated it was "critical" that he obtain the results from plaintiff's psychological testing so that he could declare plaintiff at maximum medical improvement or order additional intervention if necessary. (Tr. 272). The ALJ noted that Dr. Safman had recommended neuropsychological testing but justified not obtaining these test results or sending plaintiff for a consultative evaluation by noting Dr. Safman reported that despite plaintiff's memory deficit there were certain things plaintiff was able to recall very clearly, such as past medication. (Tr. 19). While Dr. Safman did indicate plaintiff was able recall some of his past medications on April 28, 2003,

5

he also noted plaintiff could not recall the medication he was taking at bedtime. Furthermore, on June 16, 2003, Dr. Safman indicated it was critical to have the results from plaintiff's neuropsychological testing. (Tr. 272). On April 7, 2003, Dr. Safman indicated that to treat plaintiff effectively it was critical to know whether or not plaintiff had a cognitive impairment. If plaintiff's treating physician was unable to establish plaintiff's cognitive ability without these test results, we are troubled by the ALJ's determination of plaintiff's cognitive abilities especially since there is no medical evidence in the record indicating what exactly plaintiff is capable of performing.

We are also troubled with the ALJ's physical RFC determination. On September 3, 2003, Dr. Justice, plaintiff's treating physician, completed a Physical Residual Functional Capacity Questionnaire, opining that due to chronic dizziness, lower back pain, post traumatic headaches and neck pain, plaintiff could perform less than sedentary work. (Tr. 283-286). The ALJ did not discuss in detail his reasoning for discounting Dr. Justice's opinion, rather he simply stated that the assessment was not supported by the overall medical evidence of record but certain aspects of the assessment were consistent with his RFC determination. We note, whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must "always give good reasons" for the particular weight given to a treating physician's evaluation. 20 C.F.R § 404.1527(d)(2); *see also* SSR 96-2p; *See Prosch v. Apfel,* 201 F.3d at 1010, 1012-13 (8th Cir. 2000). Further, in making his RFC determination, the ALJ also failed to address the limitations recommended in the RFC assessment dated January 10, 2003, completed by a non-examining consultant, indicating plaintiff could not turn quickly or arise quickly, could not walk over rough or uneven ground, could not walk in poor illumination or

over slippery services, could not change positions frequently and could occasionally slowly reach overhead with the left arm. (Tr. 219-226).[3] After reviewing the entire evidence of record, we do not find substantial evidence to support the ALJ's RFC determination.

Based on the above discussion, we believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff–including, Dr. Safman --asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnose plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.915.

With regard to plaintiff's cognitive abilities, the ALJ is directed to obtain the test results from plaintiff's neuropsychological testing. If these test results cannot be obtained, we strongly suggest the ALJ send plaintiff for a consultative neuropsychological evaluation. This consultative examiner should be asked to review the medical evidence of record, perform examinations and

---

[3] We note there is a RFC assessment completed by a non-examining consultant dated November 4, 2002, indicating plaintiff can perform medium work. (Tr. 195-202). However, this assessment was completed prior to much of plaintiff's treatment for his alleged impairments.

appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of February 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)